**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING, LLC** as Successor in Interest to **FLAGSTAR BANK, FSB,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )    Civil Action No. 2012-0005 |
| **BARBARA V. MULLEN** and **THOMAS E. MULLEN,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**Attorneys:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
**A. J. Stone, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Second Motion for Default Judgment" (Dkt. No. 42), filed by Plaintiff Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") against Defendants Barbara V. Mullen and Thomas E. Mullen (collectively "Defendants"). For the reasons discussed below, the Court will grant Ditech's Motion for Default Judgment.

### I.     BACKGROUND

On January 11, 2012, Flagstar Bank, FSB ("Flagstar") filed a Complaint against Defendants alleging causes of action for a debt owed and for foreclosure of a mortgage on real property. Flagstar asserts that Defendants defaulted on a Promissory Note and on a First Priority Mortgage regarding certain property described as:

> Plot No. 23 (consisting of 0.7900 U.S. acres, more or less) Estate Spring Gut and Spring Garden, Company Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on O.L.G. Drawing No. 4844, dated April 12, 1993, revised October 29, 2003.

("the Property") (Dkt. Nos. 1 at ¶ 6; 42-1; 42-3). Flagstar alleges that on November 14, 2006, Defendants executed and delivered to Flagstar a promissory note (the "Note"), obligating themselves to pay the principal amount of $200,000, together with interest at a rate of 7.375% per annum, in consecutive monthly installments of $1,381.35, beginning on January 1, 2007. (Dkt. Nos. 1 at ¶¶ 7-8; 42-2 at 1). To secure payment on the Note, Defendants granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first-priority mortgage over the Property dated November 14, 2006 (the "Mortgage"), in which Defendants pledged to make the payments due under the Note, with the Property to be used as security for such payments. (Dkt. Nos. 1 at ¶¶ 9-10; 42-3).

In its Complaint, Flagstar further claims that, on or about August 1, 2011, Defendants defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest. Flagstar contends it notified both Defendants of the default by letters dated September 20, 2011. *Id.* at ¶¶ 11-13. Flagstar further alleges that Defendants failed to cure the default, and that Flagstar elected to accelerate the principal on the Note and demanded that Defendants pay the full balance of the principal owed, plus all accrued interest. *Id.* at ¶¶ 14-16. On December 7, 2011, MERS, for itself and as nominee for Flagstar, assigned the entire interest in the Property to Flagstar and the assignment was recorded with the Recorder of Deeds on St. Croix. *Id.* at ¶ 17.

In its Complaint, Flagstar maintains that as of November 23, 2011, Defendants owed unpaid principal in the amount of $190,077.40, plus accrued interest from July 1, 2011 to

November 23, 2011 in the amount of $5,517.65, together with accumulated late charges of $276.28 and insufficient funds fees of $15.00, for a total amount due of $195,886.33. *Id.* at ¶ 20. Flagstar further alleges that, under the terms of the Mortgage, it is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it paid with regard to the Property, and that it also is entitled to be reimbursed for reasonable attorneys' fees and other expenses it incurs to enforce payment of the Note and to foreclose on the Property. *Id.* at ¶¶ 22-23. Finally, Flagstar claims that, as the holder of the Note and Mortgage, it is entitled to foreclose the mortgage, sell the Property to satisfy the Note, and recover any deficiency from Defendants. *Id.* at ¶¶ 26-28.

Defendants Thomas Mullen and Barbara Mullen each waived formal service after receiving copies of the Summons and Complaint in February and March 2012, respectively. (Dkt. Nos. 6, 10). Neither Defendant has answered the Complaint nor otherwise appeared in the case. In October 2012, Flagstar moved for Entry of Default against Defendants. (Dkt. No. 11). The Clerk of Court entered default against them on October 24, 2012. (Dkt. No. 13).

On February 26, 2013, Flagstar filed a Motion for Default Judgment and accompanying documents. (Dkt. Nos. 14-16). In the Motion, Flagstar requested default judgment against Defendants for the entire amount due under the Note, plus expenses, interest, and attorneys' fees. Flagstar also requested foreclosure of all interests in the Property. (Dkt. No. 15 at 5-9.)

Shortly thereafter, Flagstar advised the Court that the servicing rights for the mortgage loans was in the process of being transferred to Green Tree. Because of this change, Flagstar advised the Court that after the transfer, a renewed Motion for Default Judgment would be filed with a new Affidavit of Indebtedness prepared by Green Tree. (Dkt. No. 20). As a result, the Court denied the original Motion for Default Judgment without prejudice. (Dkt. No. 21). Green Tree was substituted as Plaintiff in the case in December 2014. (Dkt. No. 29). Green Tree shortly thereafter

merged with Ditech Financial LLC, with the surviving company operating under the name of Ditech Financial LLC ("Ditech") (Dkt. No. 42-6).

On December 16, 2015, Ditech filed a "Second Motion for Default Judgment" against Defendants. (Dkt. No. 42). Ditech's Motion largely mirrored the prior Motion filed by Flagstar, but also included assertions and documents reflecting that the Note and Mortgage had been assigned to Green Tree, that Green Tree merged with Ditech, and that Ditech held the underlying Note endorsed in blank. *Id.* at ¶¶ 10-12. An updated Affidavit of Indebtedness also was provided. (Dkt. No. 42-7).

Following various delays, including stays imposed by the Federal Emergency Management Agency (FEMA) in the wake of Hurricanes Irma and Maria, the Court ordered Ditech to submit an updated Affidavit of Indebtedness. (Dkt. No. 55). In that submission, Ditech asserts that as of March 21, 2019, Defendants' unpaid principal balance was $189,433.96, and the unpaid interest accrued between October 1, 2011 and March 21, 2019 at 7.375% totaled $104,381.99. Ditech also asserts that Defendants owe for late charges of $1,312.33; escrow advances of $44,361.04; a recoverable balance (including inspection costs and attorneys' fees) of $3,946.00; and insufficient funds charges of $15.00, for a total indebtedness of $343,450.32, with interest continuing to accrue at a per diem rate of $38.28. (Dkt. No. 57-1 at 2). Defendants did not respond to Ditech's Second Motion for Default Judgment (Dkt. No. 42) or to Ditech's Updated Affidavit of Indebtedness (Dkt. No. 57-1).

Ditech argues that the procedural elements for default judgment have been satisfied because: Defendants were properly served with copies of the Summons and Complaint; the Clerk entered default against them; and Defendants are not infants or incompetent persons, nor in the military service. (Dkt. Nos. 42-9, 42-10; 42-11 at ¶¶ 7-8). Ditech further contends that the

4

pleadings in this case provide a sufficient basis for entry of default judgment on the merits of its claims. (Dkt. No. 42 at 7-8.) In addition, Ditech asserts that it has demonstrated it is entitled to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 6-9. Finally, Ditech claims that it is entitled to an award of costs and attorneys' fees incurred in prosecuting this action. *Id.*

In support of the Motion, Ditech filed a Declaration of Counsel, in which Johanna Harrington, Esq. avers that her office investigated whether either Defendant was in the military service by conducting searches through the Department of Defense Manpower Data Center website. Based on those searches, she determined that Defendants were not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 521]. (Dkt. Nos. 42-11, ¶¶ 10-11; 42-9; 42-10). Attorney Harrington also declared that, based upon each Defendant's date of birth, they were adults, and upon information and belief, they were legally competent. (Dkt. No. 42-11, ¶¶ 7-8).

## II. APPLICABLE LEGAL PRINCIPLES

In considering a motion for default judgment, the Court generally accepts as true any facts contained in the pleadings regarding liability, although the Court may hold a hearing to determine damages or establish the truth of any allegation by evidence. *See* Fed. R. Civ. P. 55(b). Legal conclusions are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir.*

5

*Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

To succeed on the merits in a debt and foreclosure action, the plaintiff must establish three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

In addition to establishing the merits of the claims, a motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128 at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice,* 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d at 164).

## III. ANALYSIS

As noted above, when considering a motion for default judgment, the Court may accept as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). The Complaint states that Ditech has possession of the Note and is the holder of the Mortgage; that Defendants executed the Loan and Mortgage dated November 14, 2006; and that Defendants are in default under the terms of the Note and Mortgage because of their failure to make monthly payments and interest when due. (Dkt. No. 1 at ¶¶ 7, 9, 11-12, 14, 17-18, 26). Ditech also supported its factual allegations with attachments including the Note, Mortgage, Notice of Default and Affidavit of Indebtedness. Accepting the factual allegations as true as supported by the documentary evidence, Ditech has established all the elements required to prove the merits of its claims. *See Brouillard*, 63 V.I. at 793.

In addition, Ditech has satisfied the additional requirements necessary to obtain a default judgment against Defendants on its claims. It has properly shown that: (1) default was entered against Defendants by the Clerk of Court (Dkt. No. 10); (2) neither Defendant has appeared in the case; (3) neither Defendant is an infant nor an incompetent person (Dkt. No. 13, ¶¶ 8-10);[1] and (4) both Defendants were validly served with process. (Dkt. Nos. 5, 6). In addition, Ditech provided copies of two Military Status Reports from the Department of Defense Manpower Data Center showing that neither Defendant is in the military service as defined in the Servicemember's Civil

---

[1] *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (attorney's affidavit stating in good faith that defendant was a competent adult is sufficient to find that a non-appearing defendant is not a minor or incompetent person for the purpose of obtaining a default judgment); *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (same).

Relief Act, 50 U.S.C. § 3931. (Dkt. No. 13-1). Finally, Ditech has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 19).

In its Updated Affidavit of Indebtedness, Ditech avers that the Mullens owe an outstanding principal balance on the loan in the amount of $189,433.96 and unpaid interest accrued from October 1, 2011 to March 21, 2019 at 7.375% of $104,381.99. Ditech also attests that Defendants owe late charges of $1,312.33; escrow advances of $44,361.04; a "recoverable balance" of $3,946.00 for inspection costs and attorneys' fees; and insufficient fund charges of $15.00, for a total indebtedness of $343,450.32. (Dkt. No. 57-1 at 2). Ditech also asserts that interest continues to accrue at a rate of $38.28 per diem on the principal until judgment is entered. *Id.*

While Ditech has shown how it calculated the amount of the judgment, it has failed to support with appropriate documentation and information the $3,183.00 in attorneys' fees included in the recoverable balance. The information that is lacking includes an identification of the attorneys providing the legal services; a description of the services provided; the amount of time spent by counsel on the various tasks included in the services rendered; and the attorneys' hourly rate(s). The Court is, therefore, unable to determine whether the amount of fees sought is in fact recoverable. Accordingly, the Court will deny, without prejudice, the portion of the recoverable balance itemized as attorneys' fees in the amount of $3,183.00.

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Ditech resulting from the Mullens' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Defendants' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See World Entertainment Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to

complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment is appropriate.

## IV. CONCLUSION

Ditech has satisfied the requirements necessary for entry of a default judgment against Barbara V. Mullen and Thomas E. Mullen for the principal balance of $189,433.96; accrued unpaid interest through March 21, 2019 of $104,381.99; late charges of $1,312.33; escrow advances of $44,361.04; a recoverable balance of $763.00 for inspection costs and title fees; and insufficient fund charges of $15.00, for a total indebtedness of $340,267.32, as well as on-going accruing interest after March 21, 2019 at a per diem rate of $38.28. Accordingly, Plaintiff's Amended Motion for Default Judgment (Dkt. No. 42) will be granted, except that the $3,183.00 sought as attorneys' fees will be denied without prejudice.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 9, 2019 _____/s/_____
WILMA A. LEWIS
Chief Judge