DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DITECH FINANCIAL, LLC f/k/a ) <br> GREEN TREE SERVICING, LLC, ) <br> as successor in interest to ) <br> FLAGSTAR BANK, FSB, ) <br>           ) <br>     **Plaintiff,**  ) <br>           ) <br>           ) <br>     **v.**    ) <br>           ) <br> BARBARA V. MULLEN and ) <br> THOMAS E. MULLEN, ) <br>           ) <br>     **Defendants.**  ) <br>_____) | Civil Action No. 2012-0005 |

**Attorney:**
**Matthew R. Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
  *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Attorney's Fees" ("Motion") (Dkt. No. 61) and Bill of Costs (Dkt. No. 64) filed by Ditech Financial, LLC f/k/a Green Tree Servicing, LLC as successor in interest to Flagstar Bank, FSB ("Plaintiff") against Defendants Barbara V. Mullen and Thomas E. Mullen. For the reasons discussed below, the Court will grant in part and deny in part Plaintiff's Motion. Specifically, the Court will award $2,707.50 in attorneys' fees for services rendered by Plaintiff's current counsel to be assessed against Defendants Barbara V. Mullen and Thomas E. Mullen ("the Mullens"), jointly and severally, and will deny without prejudice Plaintiff's request for future costs and expenses. In addition, the Court will deny with prejudice Plaintiff's request for attorneys' fees and expenses in the amount of $3,946.00 for services

rendered by Plaintiff's prior counsel and its request for expenses in the amount of $651.00 (Bill of Costs).

## I. BACKGROUND

On January 11, 2012, Plaintiff's predecessor in interest, Flagstar Bank, FSB ("Flagstar"), filed this action against the Mullens for debt and foreclosure of a real property mortgage based on a Promissory Note and a Mortgage executed in November 2006. (Dkt. No. 1 at ¶¶ 8-9). Flagstar alleged that the Mullens defaulted under the terms of the Note and Mortgage and failed to cure that default, resulting in the acceleration of the debt and Flagstar's efforts to foreclose the Mortgage. *Id.* at ¶¶ 10-13. The Mullens did not respond to the Complaint.

Following a servicing transfer, Plaintiff was substituted in this matter for Flagstar. (Dkt. No. 29). In December 2019, the Court then entered default judgment in favor of Plaintiff and against the Mullens. (Dkt. No. 59). The Court declared that Plaintiff had a first priority lien against the real property described in the Mortgage and entered Judgment in favor of Plaintiff for a total indebtedness of $ 340,267.32, plus post-judgment interest. *Id.* at 1-2. Further, the Court permitted Plaintiff to apply for an award of attorneys' fees, costs, and expenses arising from the action at any time prior to entry of an Order confirming the sale of the Property. *Id.* at 2.

On December 9, 2019, Plaintiff filed the instant Motion requesting $3,946.00 in attorneys' fees and costs for services rendered by prior counsel; $3,402.50 in attorneys' fees for services rendered by current counsel; and $651.00 in expenses (title and recording fees).[1] (Dkt. Nos. 61, 62). Plaintiff also seeks an additional $500.00 award for anticipated future expenditures consisting of a

---

[1] In the Memorandum of Law attached to the instant Motion, Plaintiff states that it seeks $7,348.50 in attorneys' fees. (Dkt. No. 62 at 5). In actuality, this sum is comprised of the $3,946.00 in attorneys' fees *and expenses* for services rendered by Plaintiff's prior counsel and the $3,402.50 in attorneys' fees for services rendered by Plaintiff's current counsel.

$75.00 writ fee for attaching the real property and a $425.00 fee for publishing notice of the Marshal's Sale in a local newspaper. *Id.* at 1. Attached to the Motion is a Declaration of Counsel and copies of billing records from Plaintiff's counsel. (Dkt. No. 62-1).

On April 10, 2020, Plaintiff filed a request for a 60-day stay due to a foreclosure moratorium for borrowers for certain single-family mortgages in light of the COVID-19 pandemic. (Dkt. No. 65). After granting several extensions of the stay at Plaintiff's behest, the Magistrate Judge lifted the stay on July 29, 2021. (Dkt. No. 86).

## II. DISCUSSION

### A. Attorneys' Fees and Expenses

Both the terms of the Note and the Mortgage enforced in this case provide for Plaintiff's right to recover expenses, costs, and attorneys' fees if Plaintiff was required to enforce the terms of the Note. (Dkt. Nos. 17-1 at ¶ 6(E) and 17-2 at ¶¶ 22; 24). Based on these provisions and Plaintiff's status as the prevailing party under Virgin Islands law, Plaintiff seeks attorneys' fees and expenses incurred in pursuing this foreclosure action. (Dkt. No. 62 at 2).

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties...." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (2011); *see also Abramovitz v. Lynch*, Civil No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief

3

is awarded under V.I.R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable."). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a). The terms of the Mortgage here also state that Plaintiff may recover "reasonable" attorneys' fees. (Dkt. No. 17-2 at ¶ 22). Therefore, the Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from 5 V.I.C. § 541).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ. No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and

reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546, at *3 (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2; *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. Aug. 6, 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case). More recently, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands,* No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding that rate of $403.75/hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation."); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. 12-cv-00505, 2013 WL 8609242, at *2 (V.I. Super. Ct. June 3, 2013)

5

(concluding that rate of $395/hour is "at the high end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

### i. Fees and Expenses Billed by Prior Counsel

The Court will deny Plaintiff's request for attorneys' fees and expenses billed by its prior counsel in the amount of $3,946.00 because Plaintiff does not provide any documentation to support its request for attorneys' fees, and the Court previously included in its Judgment (Dkt. No. 59 at 2) the expenses billed by prior counsel in the amount of $763.00.[2] "The information [needed to support a fee request] includes an identification of the attorneys providing the legal services; a description of the services provided; the amount of time spent by counsel on the various tasks included in the services rendered; and the attorneys' hourly rate(s)." *See Ditech Fin., LLC v. Mullen*, Civil Action No. 2012-0005, 2019 WL 6718666, at *4 (D.V.I. Dec. 9, 2019). Here, however, Plaintiff has failed to provide *any* documentation for the Court to determine whether the amount of fees sought is recoverable.

The Court previously denied, without prejudice, Plaintiff's request for attorneys' fees in granting Plaintiff's Second Motion for Default Judgment because Plaintiff did not include the necessary documentation. *See Ditech,* 2019 WL 6718666, at *4.[3] Having previously denied

---

[2] In a document attached to its updated Affidavit of Indebtedness, Plaintiff identified certain items under "Corporate Advances," including $3,183.00 in attorneys' fees and $763.00 in inspection costs and title fees, totaling $3,946.00. (Dkt. No. 57-1).

[3] The original Motion for Default Judgment was filed by Plaintiff's predecessor in interest, Flagstar Bank, FSB. (Dkt. No. 14). Together with that Motion, Flagstar filed billing records for then counsel seeking, *inter alia*, $2,875.00 in attorneys' fees. (Dkt. No. 18). Flagstar subsequently filed a motion advising the Court that servicing of the loan had been transferred to the current Plaintiff and requesting, in effect, that no action be taken on the initial Motion for Default Judgment in anticipation of a renewed Motion being filed by the new Plaintiff after its substitution as a party in the lawsuit. (Dkt. No. 20). The updated Affidavit of Indebtedness submitted in support of the Second Motion for Default Judgment included a request for $3,183.00—not the previously requested $2,875.00—in attorneys' fees for prior counsel. As noted above, the Court denied this request

Plaintiff's request for attorneys' fees on the same grounds as stated herein, the Court will deny, with prejudice, fees of $3,183.00 for Plaintiff's prior counsel. Further, the Court will also deny, with prejudice, the request for expenses (inspection costs and title fees) in the amount of $763.00 because those expenses were previously awarded in the Judgment. (Dkt. No. 59 at 2).

Accordingly, the Court will deny with prejudice Plaintiff's request of $3,946.00 in attorneys' fees and expenses for services rendered by prior counsel.

        ii.     **Fees and Expenses Billed by Current Counsel**

        a. Fees

In the Declaration of Counsel appended to the Motion, Plaintiff requests a total of $3,402.50 in attorneys' fees, comprised of $2,902.50 in attorneys' fees for services rendered between May 29, 2014 and October 4, 2018 and $500.00 in fees for preparing the instant Motion and Declaration. (Dkt. No. 62-1 at 1, 3).

First, with respect to the $2,902.50 request, Plaintiff's counsel asserts that the law firm is paid under flat rates at pre-determined milestones during the case and that these "milestone" rates have been found to be reasonable by Fannie Mae. (Dkt. No. 62-1 at ¶ 9). At these stages, the milestone is attributed in counsel's records to one hour of legal work, which clearly results in an hourly rate that is neither accurate nor reasonable. For example, when Plaintiff's referral is received, Plaintiff is billed at a rate of $540.00. *Id.* When judgment is entered, counsel bills Plaintiff at a rate of $530.00. *Id.* Such hourly rates for a run-of-the-mill foreclosure case are unreasonable under the case law developed in Virgin Islands courts. However, based on the billing records, non-milestone tasks are billed at an hourly rate of either $215.00, $250.00, or $275.00

---

without prejudice on the grounds that it was not accompanied by supporting documentation. In the instant Motion, Plaintiff again seeks $3,183.00 in attorneys' fees for prior counsel, and again without the necessary documentation.

per hour based on the experience level of the attorney.[4] *Id.* These rates are reasonable for an uncontested foreclosure case, and the Court will use the $215.00, $250.00, and $275.00 per hour rates as the applicable rates for legal services rendered.[5]

Having determined the reasonable hourly rates, the Court must then determine whether the number of hours billed were "reasonably expended." *Phillips*, 2018 WL 1789546 at *3. Counsel's billing records reflect that counsel billed a total of 10.5 hours on this matter. The total time expended here is not unusual for a default foreclosure action. Thus, the Court finds that the claimed 10.5 hours were reasonably expended in this case.

Plaintiff also requests an additional $500.00 in attorneys' fees for the instant Motion and the accompanying Declaration of Counsel. (Dkt. No. 62 at 1). However, counsel does not indicate the amount of time spent on preparing and filing these documents. Because the instant Motion and accompanying Declaration are relatively routine and straightforward and do not involve any complex issues, the Court will allocate 1.5 hours for preparing these documents at $250.00 per hour.

In view of the foregoing, the Court will enter an award of attorneys' fees—based on hourly rates of $215.00, $250.00, and $275.00 at 12 hours billed—in the amount of $2,707.50.[6]

---

[4] The billing records reflect hours billed by three attorneys: Thomas C. Caraco, Esq., Kelley L. Church, Esq., and Matthew Reinhardt, Esq. (Dkt. No. 62-1). Based on the Declaration of Counsel and the accompanying billing records, Attorney Caraco has one year of civil litigation experience and billed at an hourly rate of $215.00, while Attorney Reinhardt has approximately five years of civil litigation experience and billed at hourly rates of $250.00 and $275.00. *Id.* at 3. While the experience level of Attorney Church is not discussed in the Declaration, the Court notes that her position on the billing records is denoted as "PT"—the same position denoted for Attorney Reinhardt. *Id.* at 5. Therefore, the Court will allocate a $250.00 hourly rate for Attorney Church.

[5] For one task, Attorney Reinhardt billed at an hourly rate of $50.00 per hour. (Dkt. No. 62-1 at 11).

[6] Attorney Caraco: $645.00 (3 hours *x* $215.00 per hour)
Attorney Church: $250.00 (1 hour *x* $250.00 per hour)

8

### b. Expenses

The Supreme Court of the Virgin Islands has opined that "costs" and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The Court in *Terrell* observed: "It is well-established that when a statute authorizes taxation of costs, 'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With respect to Plaintiff's requested reimbursement of expenses, such reimbursement is permitted not by statute, but by contract—the terms of which are regularly enforced by courts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey*, 55 V.I. at 886 (enforcing the terms of a contract, including for legal fees and administrative costs, "unless the fee is unreasonable.").

In both the instant Motion and the Bill of Costs filed with the Court, Plaintiff is seeking reimbursement of $651.00 for the following expenses: title fees in the amount of $625.00 and recording fees of $26.00. (Dkt. Nos. 62-1 at 6; 64-1 at 2). In support of its request, Plaintiff has attached—as part of its billing records—a document seemingly prepared by counsel's firm reflecting disbursements for certain services. *Id.* However, Plaintiff failed to attach actual invoices from each of the service providers—as required by the Local Rules of this Court[7]—to support the expenditures claimed. Because the Clerk's Office has made several requests for the required

---

Attorney Reinhardt: $1,812.50 (6.5 hours *x* $250.00 per hour = $1,625.00; 1 hour *x* $50.00 per hour = $50.00; 0.5 hours *x* $275.00 per hour = $137.50)
**Total: $2,707.50**

[7] Local Rule 54.1(b) provides, in part, that "[c]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item."

invoices which have gone unheeded[8], the Court will deny Plaintiff's request for expenses of $651.00 with prejudice. *See* Local Rule 54.1(c) ("Upon failure of the prevailing party to comply with this Rule, all costs not properly supported shall be waived."); *Zurich Am. Ins. Co.*, 87 F. Supp. 3d at 705 (internal citation omitted) ("The party seeking recover[y] of costs must 'provide sufficient information' to demonstrate the compensable nature of the requested costs.").

### B. Future Costs and Expenses

In its Motion, Plaintiff anticipates incurring an additional $500.00 in costs and expenses ($75.00 writ fee and $425.00 publication fee) to complete the foreclosure proceedings. (Dkt. No. 62 at 1). However, the Court does not award anticipatory requests for attorneys' fees, costs, or expenses not yet incurred. Pursuant to the terms of the Judgment entered in this case, Plaintiff may seek an additional award of attorneys' fees, costs, and expenses to be determined upon appropriate application filed with the Court prior to entry of an Order confirming the sale of the Property. (Dkt. No. 59 at 2).

### III. CONCLUSION

For the foregoing reasons, Plaintiff Ditech Financial, LLC's f/k/a Green Tree Servicing, LLC, as successor in interest to Flagstar Bank, FSB "Motion for Attorney's Fees" (Dkt. No. 61) will be granted in part and denied in part. Plaintiff will be awarded fees in the amount of $2,707.50 for services rendered by Plaintiff's current counsel to be assessed against Defendants Barbara V. Mullen and Thomas E. Mullen, jointly and severally. Plaintiff's request for future costs and

---

[8] Initially, Plaintiff's counsel filed a Bill of Costs requesting a total of $8,500.00 in costs, which consisted of a request of $350.00 for "Fees of the Clerk" and $8,150.00 labeled as "Other Costs." (Dkt. No. 63). After the Clerk's Office notified counsel of the missing invoices needed to support Plaintiff's Bill of Costs, counsel then made another filing which consisted only of billing records listing $651.00 in expenses for title and recording fees. (Dkt. Nos. 64, 64-1). On two separate occasions, the Clerk's Office contacted Plaintiff's counsel regarding the need to submit the invoices necessary to complete the Bill of Costs submission. To date, Plaintiff has not provided any invoices.

expenses will be denied without prejudice. In addition, the Court will deny with prejudice Plaintiff's requests for attorneys' fees and expenses in the amount of $3,946.00 for services rendered by Plaintiff's prior counsel and expenses in the amount of $651.00 (Bill of Costs).

An appropriate Order accompanies this Memorandum Opinion.

Date: July 10, 2023                                              _____/s/_____
                                                                 WILMA A. LEWIS
                                                                 District Judge